UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| REBECCA KINKEAD,<br><br>               Plaintiff,<br><br>v.<br><br>THE SUMMER HOUSE BY REEVES, LLC,<br><br>               Defendant. | Civil Action No. _____<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Rebecca Kinkead hereby alleges and says as follows:

## NATURE OF THE CLAIM

1. This is a copyright infringement action seeking damages and injunctive relief against Defendant, who has willfully offered for sale and sold prints that infringe upon Plaintiff Rebecca Kinkead's copyrights.

2. For over two decades, Vermont artist Rebecca Kinkead has been widely renowned for her unique and vibrant paintings, which are featured and sold at art galleries across the country.

3. Without Ms. Kinkead's authorization, Defendant has been selling and advertising for sale modified prints of Ms. Kinkead's work to interested buyers.

4. Defendant's actions have infringed on Ms. Kinkead's rights under the Copyright Act of 1976 and the Visual Artists Rights Act. Unless enjoined, Defendant's actions will continue to cause irreparable harm to Ms. Kinkead as Defendant cannot exploit Ms. Kinkead's creative works without authorization for its own gain. Defendant's conduct should be halted and Ms. Kinkead should be compensated for Defendant's unlawful acts.

own gain. Defendant's conduct should be halted and Ms. Kinkead should be compensated for Defendant's unlawful acts.

## PARTIES

5. Plaintiff Rebecca Kinkead is a visual artist who lives and works in Cornwall, Vermont.

6. Defendant The Summer House By Reeves, LLC ("Defendant") is a North Carolina corporation with a principal place of business in Highlands, North Carolina.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq, and the Visual Artists Rights Act, 17 U.S.C. § 106A. The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

8. As a corporation incorporated in North Carolina, Defendant is subject to personal jurisdiction in this district.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400 because Defendant resides in North Carolina and conducts business in this state.

10. This action has been filed within all applicable statutes of limitation and repose and all conditions precedent to this action have been performed and/or have occurred.

## FACTS

11. For over two decades, Rebecca Kinkead has been creating paintings using an oil and wax paint of her own devising that capture people and animals in a simple, direct, and authentic frame.

12. Her work has been exhibited and collected nationally and internationally, and she is a top-selling artist at a number of art galleries across the country.

13. Among Ms. Kinkead's works is a piece entitled "Black Bear Contemplating Autumn," which is depicted below:



14. Ms. Kinkead originally sold "Black Bear Contemplating Autumn" to a private party for the sum of $22,000.

15. Ms. Kinkead has registered "Black Bear Contemplating Autumn" with the United States Copyright Office (Registration No. VAu 1-488-151, Dec. 21, 2022).

16. In or around 2022, an admirer of Ms. Kinkead's art purchased a framed print at the Defendant's store in Highlands, North Carolina that, on information and belief, was sold under Ms. Kinkead's name with the title "Black Bear Contemplating Autumn."

17. The print, which was never authorized by Ms. Kinkead, slightly modifies her work.

18. As depicted below, the unauthorized print sold by Defendant reverses, crops, and alters the painting's colors:



19. Defendant has continued to offer prints of Ms. Kinkead's works for sale to interested buyers as recently as December 2022.

## CAUSES OF ACTION

### Count I – Copyright Infringement

20. Ms. Kinkead incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

21. Defendant is making, distributing, or causing to be made or distributed, unauthorized reproductions and derivative works of Ms. Kinkead's copyrighted paintings in violation of 17 U.S.C. §§ 106(1)-(3) and 501.

22. Defendant does not have any license, authorization, permission, or consent to use Ms. Kinkead's copyrighted works.

23. Defendant's acts of infringements have been willful, intentional, and purposeful, in disregard of and indifferent to Ms. Kinkead's rights.

24. As a direct and proximate result of Defendant's infringement, Ms. Kinkead is entitled to her actual damages, including the Defendant's profits from infringement, pursuant to 17 U.S.C. § 504(b).

25. Defendant's infringement has caused and is causing irreparable harm to Ms. Kinkead for which she has no adequate remedy at law. Unless this Court enjoins and restrains Defendant from infringing on Ms. Kinkead's protected work, the harm will continue to occur in the future.

### Count II – Violation of Right of Integrity (VARA)

26. Ms. Kinkead incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

5

27. The Visual Artists Rights Act ("VARA") protects an artist's moral right to prevent any deforming or mutilating changes to her work. 17 U.S.C. § 106A(a)(3)(A).

28. By selling modified and distorted prints of Ms. Kinkead's paintings without her authorization, Defendant has prejudiced Ms. Kinkead's honor and reputation.

29. Ms. Kinkead's reputation as a top-selling artist who captures animals in an authentic frame has been—and will continue to be—irreparably harmed by Defendant's sale of modified and distorted versions of her work without her consent.

30. As a direct and proximate result of Defendant's violation of Ms. Kinkead's right of integrity, she is entitled to the maximum statutory damages of $150,000 and recovery of her attorneys' fees and costs. 17 U.S.C. §§ 504(c), 505.

## Count III – Violation of Right of Attribution (VARA)

31. Ms. Kinkead incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. VARA protects an artist's right to prevent the use of her name on distorted versions of her work or works that she did not create. 17 U.S.C. § 106A(a)(1), (2).

33. Defendant violated Ms. Kinkead's right of attribution by selling distorted and modified versions of her work under her name without her consent.

34. Ms. Kinkead's right of attribution has been—and will continue to be—irreparably harmed by Defendant's sale of distorted works under her name without her consent.

35. As a direct and proximate result of Defendant's violation of Ms. Kinkead's right of attribution, she is entitled to the maximum statutory damages of $150,000 and recovery of her attorneys' fees and costs. 17 U.S.C. § 504(c), 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rebecca Kinkead hereby respectfully requests judgment in her favor against Defendant as follows:

a. That Defendant's products and materials that infringe Ms. Kinkead's copyrights be impounded pursuant to 17 U.S.C. § 503(a);

b. That Defendant's products and materials that infringe Ms. Kinkead's copyrights be destroyed pursuant to 17 U.S.C. § 503(b);

c. That Defendant be required to provide a full accounting to Ms. Kinkead for all profits derived from its unauthorized use of Ms. Kinkead's copyrighted works and Defendant's production, reproduction, preparation, distribution, or sale of her derivative works;

d. That Defendant be ordered to pay to Ms. Kinkead actual damages, that she has sustained and/or will sustain as a result of the acts complained of herein, and that Ms. Kinkead be awarded any profits derived by Defendant as a result of said acts, or as determined by an accounting ordered by the Court;

e. That Defendant be ordered to pay to Ms. Kinkead statutory damages pursuant to 17 U.S.C. 504(c);

f. That Defendant be ordered to pay to Ms. Kinkead pre- and post-judgment interest on all damages;

g. That Defendant be ordered to pay Ms. Kinkead's full costs and attorneys' fees pursuant to 17 U.S.C. § 505;

h. That Defendant, along with its agents, partners, licensees, divisions, affiliates, parent corporations, and all others in active concert or participation with Defendant, be permanently enjoined from producing, manufacturing, displaying, distributing, offering for sale, or selling any product infringing on Ms. Kinkead's copyrighted works; and

i. That the Court award such other or further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all counts so triable.

This the 2nd day of March, 2023.

WYRICK ROBBINS YATES & PONTON LLP

By: _____
Lee M. Whitman, Esq.
N.C. State Bar No. 20193
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
Telephone: 919-781-4000
lwhitman@wyrick.com

Justin Barnard, Esq.
DINSE
209 Battery Street
Burlington, VT 05401
Telephone: 802-864-5751
jbarnard@dinse.com

*Attorneys for Plaintiff Rebecca Kinkead*

*PRO HAC VICE* Application pending